UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NV PETRUS SA and PETROLEUM RESOURCES PETRUS SA

                            Plaintiffs,

- against -

                            14- cv-3138 (NGG) (PK)

LPG TRADING CORP., VIKTORIA KRAKOVSKAYA and EDUARD K KRAKOVSKY

                            Defendants.
------------------------------------------------------------------------x

## ATTORNEY AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

IGOR NIMAN, Esq., attorney duly admitted to practice in this Court under the penalty perjury affirms as follows:

1. I am the attorney for LPG TRADING CORP., VIKTORIA KRAKOVSKAYA and EDUARD KRAKOVSKY.

2. I am filing this Attorney's Affirmation in Support of Defendants' Motion to Limine, based upon the facts that are personally known to me and within my personal knowledge.

## PRELIMINARY STATEMENT

3. Defendants respectfully submit this memorandum of law in support of their in limine motions to exclude inadmissible evidence and improper argument from trial of the captioned matter. Defendants' motions address evidence that Plaintiffs have identified through their exhibit list and deposition designations and that Defendants expect Plaintiffs want to put before the jury, including opening statements.

## FIRST MOTION *IN LIMINE*

4. Plaintiffs are basing their claim on the schedules that were internally prepared by the employee of the Plaintiffs, Olga Korneva.

5. These documents are hearsay and contain statements and charges which represent a hearsay in it of itself, and thus shall be precluded.

6. Specifically, these are documents listed as Plaintiffs Exhibits 23 – Petrus S.A. Operational Sheet and Exhibit 26 – P.R.P. Operational Sheet.

7. These documents shall not be admissible absent offer of proof that Ms. Korneva is in fact appearing at trial as a witness.

8. In addition, these documents contain various charges to third parties such as to Petroleum Delivery and Rodrail, parties which are not appearing as witnesses in this case.

9. Moreover, Plaintiffs did not provide any prove, via its Exhibits, that such charges were in fact paid to Petroleum Delivery.

10. No requests for the payments on behalf of Defendants to Petroleum are listed in Plaintiffs' Trial Exhibits.

11. In the course of his deposition, Mr. Pierre Lamarche had stated that he was not directly involved "in regular conversation with [his] eastern European counterparts."

12. That the person who was directly involved in interacting with Eastern European counterparts is Ina Dimitrova.

13. She specifically dealt with the suppliers in Kazakhstan on behalf of NV Petrus and Petroleum Resources.

14. These documents shall not be admissible absent an offer of proof that Ms. Dimitrova is in fact appearing at trial as a witness.

15. In addition, absent an order of proof as to how Plaintiffs will corroborate alleged charges depicting alleged transfers from Plaintiffs to Petroleum Delivery and Rodrail, on behalf of Defendants, such charges shall be redacted from the schedule.

## SECOND MOTION *IN LIMINE*

16. Exhibit 28 and 29 are internally prepared by the Plaintiffs and thus constitute a hearsay. Absent an order of proof they should not be admitted.

## THIRD MOTION *IN LIMINE*

17. Plaintiffs Exhibits 15, 20 and 21 are copies of the foreign bank statements and thus represent inadmissible hearsay.

18. These documents are not admissible as they lack proper certification from the issuing banks.

19. In addition, they are not demonstrating any connection between Petrus N.A., Petroleum Resources and LPG Trading.

20. Absent an offer of proof as to the foundation, they should not be admissible.

## FOURTH MOTION *IN LIMINE*

21. Plaintiffs Exhibits 40 and 41 are a letter issued by Plaintiffs' current attorney Judd Burstein P.C. and a response to it.

22. Without going into the authenticity of these communications, Defendants submit that these documents may be admissible only if Mr. Burstein will certify them as business records.

23. In which case, he will become a witness and thus would not be able to represent the Plaintiffs.

24. These documents should be precluded in case if Mr. Burstein will remain counselor for the Plaintiffs.

## FIFTH MOTION *IN LIMINE*

25. Plaintiffs attempt to introduce exhibits 24, 27, 32, 34 among others as translations of documents which were originally prepared in Russian.

26. These exhibits, namely 24, 27, 32, 34, among others, lack any of the certification of New York State certified Russian court interpreter.

27. In addition, these documents differ in translation of identical text as it occurs in Exhibits 24 and 27, which represent absolutely identical text, absent the dates of the agreement, but are translated differently.

28. Defendants believe that absent offer of proof, that the translator of such documents may be available as a witness, who may be cross-examined as to a translation of the documents, such documents shall not be admissible.

## SIXTH MOTION *IN LIMINE*

29. There are a plethora of Exhibits that Plaintiffs intend to introduce to demonstrate finances of Defendants Eduard Krakovsky and Viktoria Krakovskaya.

30. These documents, including their personal income tax statements of Eduard Krakovsky and Viktoria Krakovskaya – Plaintiffs Exhibits 80 to 87, personal bank statements – Plaintiffs Exhibit 77, statements from Eduard Krakovsky and Viktoria Krakovskaya personal checking account – Plaintiffs Exhibits 100 to 102, Viktoria Krakovskaya personal checking account statements – Plaintiffs Exhibits 104 to 110, Viktoria Krakovskaya personal Saks 5th Avenue Credit Card statements – Plaintiffs Exhibits 111 to 117, Viktoria Krakovskaya personal Nieman Markus Credit Card statements – Plaintiffs 118 to 124.

31. Despite the fact that Plaintiff allege that at some point LPG Trading became insolvent, introduction of such statements is extremely prejudicial to the Defendants, *before Plaintiffs can even prove that Defendant LPG Trading owed them any funds at all.*

32. In fact, to allow Plaintiffs to argue or demonstrate life style and expenses of the Defendants to the jury, will create unrepairable harm to the Defendants.

33. Defendants will be unfairly prejudiced, since Plaintiffs will essentially start a smear campaign by argue to the emotions of the jurors, by showing such statements, trying to prove the debt by demonstrating Defendants life style.

34. On the other hand, if the debt is unproven, then the lifestyle of the Defendants is irrelevant.

35. Therefore, these exhibits should not be admissible.

## SEVENTH MOTION *IN LIMINE*

36. In additions, LPG Trading Chase account statements – Plaintiffs Exhibits 95 to 99 and LPG Trading American Express Accounts – Exhibits 88 to 93, LPG Trading Capital One statement – Plaintiffs Exhibit 135, LPG Trading Citibank statements – Plaintiffs Exhibits 136 to 138, contain various personal expenses of the Defendants Viktoria Krakovskaya and Eduard Krakovsky.

37. For the same reasons, as stated in Sixth Motion in Limine, in order to avoid the unrepairable harm and prejudice to the Defendants, such documents should be redacted by excluding personal expenses from such exhibits.

## EIGHTH MOTION *IN LIMINE*

38. Plaintiffs attempt to introduce various exhibits, namely 129 to 133 that relate to the purchase of the condominium apartment by the Defendants.

39. For the same reasons as stated in Sixth Motion in Limine, in order to avoid the unrepairable harm and prejudice to the Defendants, such documents should be redacted by excluding personal expenses from such exhibits.

## **NINTH MOTION *IN LIMINE***

40. Defendants continue to reassert that this matter shall be governed by the law of England and Wales as agreed by the parties.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant these motion *in limine*.

Dated: April 14, 2017

                                            Respectfully submitted,

                                            By: /s/ Igor Niman
                                            Igor Niman, Esq.
                                            1909 East 17th Street
                                            Brooklyn, NY 11229
                                            Phone: (718) 382-1689
                                            Fax: (718) 228-6633