UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NV PETRUS SA and PETROLEUM
RESOURCES PETRUS SA,

                    Plaintiffs,                  **MEMORANDUM & ORDER**

                                                                14-CV-3138 (NGG) (PK)
          -against-

LPG TRADING CORP., VIKTORIA
KRAKOVSKAYA, and EDUARD K.
KRAKOVSKY,

                    Defendants.
----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendants LPG Trading Corp., Viktoria Krakovskaya, and Eduard K. Krakovsky's Motion to Dismiss based on forum non conveniens. (Mot. to Dismiss ("Mot.") (Dkt. 88).) For the reasons set forth below, Defendants' Motion is DENIED.

I.   BACKGROUND

Plaintiffs NV Petrus SA ("Petrus") and Petroleum Resources Petrus SA ("PRP") commenced this breach of contract action in this court on May 19, 2014. (Compl. (Dkt. 1).) The parties agree that the operative contracts contain arbitration clauses, requiring Plaintiffs and Defendants to arbitrate any disputes arising out of the contracts before the London Court of International Arbitration ("LCIA"). (See Ex. J to Mot. ("Petrus Contract") (Dkt. 88-11); Ex. K to Mot. ("PRP Contract") (Dkt. 88-12).) In their Answer to the initial Complaint, Defendants asserted two counterclaims: in their First Counterclaim, Defendants sought money damages for Plaintiffs' alleged breach of the parties' agreements; in the Second Counterclaim, Defendants alleged that this court does not have jurisdiction because the parties agreed to arbitrate all disputes arising out of the contracts. (Answer (Dkt. 5).)

1

Plaintiffs subsequently amended their Complaint. (See First Am. Compl. ("FAC") (Dkt. 33).) In Defendants' Answer to the First Amended Complaint, Defendants reasserted their First and Second Counterclaims; added a Third and Fourth Counterclaim, seeking money damages; and reiterated that the court lacked jurisdiction, as the parties' dispute was subject to arbitration before the LCIA and would be subject to the laws of England. (Answer to FAC (Dkt. 38).)

The parties have since conducted extensive discovery, engaged in substantive motion practice, participated in numerous court conferences and a court-sponsored mediation, prepared several iterations of a joint pre-trial order, and drafted both motions in limine and proposed jury instructions in advance of trial. Trial is scheduled to begin in less than two weeks, on May 15, 2017. Notwithstanding the fact that the parties have litigated this case for nearly three years, during the pre-trial conference on April 4, 2017, Defendants for the first time sought and received leave from the court to file a motion to dismiss for forum non conveniens. Defendants filed the motion on April 14, 2017, and Plaintiffs filed their opposition to the motion on April 28, 2017.

## II. DISCUSSION

Defendants argue that the "forum selection clause," i.e. the arbitration clause, in the parties' contracts is mandatory and may be enforced "at any time." (See generally Defs. Mem. in Supp. of Mot. ("Defs. Mem.") (Dkt. 88-1).) Defendants further assert that Plaintiffs are not prejudiced by Defendants' belated motion to dismiss. (See id. ¶¶ 57-63.) Plaintiffs oppose the motion, arguing that Defendants have waived their right to arbitrate as well as their argument that English law governs the dispute. (See generally Pls. Mem. in Opp'n to Mot. ("Pls. Opp'n") (Dkt. 107).)

The court finds that Defendants have waived their right to arbitration as well as any argument they may have had that English law governs the action. Accordingly, Defendants' motion to dismiss is denied.

## A. DEFENDANTS WAIVED THEIR RIGHT TO ARBITRATE THIS DISPUTE

### 1. Legal Standard

Foreign arbitration clauses are a "subset of foreign forum selection clauses." Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer, 515 U.S. 528, 534 (1995). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens."[1] Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 134 S. Ct. 568, 580 (2013). A motion to dismiss on forum non conveniens grounds may be made at any time as a procedural matter;[2] however, a court may nonetheless consider the defendant's delay in bringing such a motion. See Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd., No. 13-CV-9239 (CS), 2017 WL 972117, at *5 (S.D.N.Y. Mar. 10, 2017).

"[T]he right to arbitration, like any other contract right, can be waived." Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 455 (2d Cir. 1995) (internal quotation marks and citation omitted). Because there is a strong federal policy favoring arbitration, "any doubts concerning whether there has been a waiver are resolved in favor of arbitration." PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997) (internal quotation marks and citations omitted). "Nonetheless, a party waives its right to arbitration when it engages in

---

[1] Defendants' reliance on 28 U.S.C. § 1404, the venue transfer statute, is misplaced. (See Defs. Mem. ¶¶ 16-22.) Section 1404 "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex., 134 S. Ct. 568, 579 (2013) (emphasis added). It "does not apply in cases where the purportedly more convenient forum is not a United States district court." Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603, 607 (2d Cir. 1998).

[2] Cf. Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG, 160 F. Supp. 2d 722, 742 (S.D.N.Y. 2001) ("[T]he caselaw seems to be clear that forum non conveniens motions are not governed by the same time constraints imposed by Rule 12(h) of the Federal Rules of Civil Procedure on personal jurisdiction and venue motions.").

3

protracted litigation that prejudices the opposing party." Id. In determining whether a party has waived this right,[3] courts consider the following factors: "(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice." La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 159 (2d Cir. 2010) (internal quotation marks and citation omitted). "There is no rigid formula or bright-line rule for identifying when a party has waived its right to arbitration; rather, the above factors must be applied to the specific context of each particular case." Id. (internal quotation marks and citation omitted). "That said, [t]he key to a waiver analysis is prejudice." Id. (internal quotation marks and citation omitted) (alteration in original).

Prejudice "refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." Doctor's Assocs., 107 F.3d at 134. Such prejudice has been found where "'a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense.'" S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83-84 (2d Cir. 1998) (citing Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993)).

2. Application

Each of the relevant factors articulated by the Second Circuit—"(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to

---

[3] "The question of whether a party's pretrial conduct amounts to waiver of the defense of arbitration is a legal question to be decided by the court." Burns v. Imagine Films Entm't, Inc., 165 F.R.D. 381, 387 (W.D.N.Y. 1996) (citing Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995)).

4

date, including motion practice and discovery; and (3) proof of prejudice," see La. Stadium, 626 F.3d at 159—counsels towards a finding of waiver here.

This action has been pending for nearly three years. While it is true that Defendants stated in their Answer that the dispute was subject to arbitration (see Answer to FAC), Defendants' actions as an active participant in the litigation are inconsistent with this formal recital. Defendants engaged in extensive discovery, including serving initial disclosures, document requests, and interrogatories, and took two depositions. (See Pls. Opp'n at 4; Schalk Decl. (Dkt. 104) ¶¶ 4-6, 14-15.) Defendants even filed a motion to compel additional discovery from Plaintiffs. (Defs. Mot. to Compel (Dkt. 29).) With respect to substantive motion practice, Defendants moved to cancel a notice of pendency that Plaintiffs had filed against certain property owned by Viktoria Krakovskaya and Eduard K. Krakovsky. (See Mot. to Cancel Not. of Pendency (Dkt. 36).) In addition, Defendants participated in a court-sponsored mediation process. (See Feb. 19, 2016, Order Referring Case to Mediation.) After the mediation was unsuccessful, Defendants asked Magistrate Judge Peggy Kuo to further mediate the dispute. (See Ex. 12 to Schalk Decl. (Dkt. 104-12) at pp. 3-4.) By any definition, Defendants have actively engaged in "protracted litigation."[4] PPG, 128 F.3d at 107.

The court further finds that Plaintiffs are prejudiced by Defendants' belated motion to dismiss. All three indicia of prejudice—which are independently sufficient to warrant a finding

---

[4] What is more, the court imposed sanctions on Defendants on four separate occasions for their conduct in this case: (1) on January 22, 2015, Magistrate Judge Viktor V. Pohorelsky (then assigned to the case) ordered Defendants to pay $1,600 for frivolous discovery conduct (see Order (Dkt. 17)); (2) on May 27, 2015, Judge Pohorelsky ordered Defendants to pay $400 for failing to meet and confer with opposing counsel prior to filing a motion to compel additional discovery (see Min. Order (Dkt. 28)); (3) on September 22, 2015, Judge Pohorelsky ordered Defendants to bear the cost of the court reporter and translator for Mr. Krakovsky's continued deposition (see Min. Order (Dkt. 43)); and (4) on February 17, 2016, Judge Kuo ordered Defendants to pay all costs borne by Plaintiffs that were associated with the deposition of Defendants' expert, Eric Krupnik (see Order, dated Feb. 17, 2016). These episodes of misconduct further delayed the litigation and support the court's conclusion that Defendants cannot now opt out of litigating this action in the present venue.

5

a prejudice—are present in this case: Defendants have (1) "engage[d] in discovery procedures not available in arbitration"; (2) "ma[de] motions going to the merits of [Plaintiffs'] claims; and (3) "delay[ed] invoking arbitration rights while [Plaintiff] incur[red] unnecessary delay or expense." S & R, 159 F.3d at 83-84 (internal citation omitted).

> i. *Defendants Have Engaged In Discovery Procedures That Are Likely Not Available In Arbitration*

Plaintiffs argue that none of the discovery conducted in this action would have been available to Defendants if the case had proceeded before the LCIA. (See Pls. Opp'n at 4; Jaffery Decl. (Dkt. 105) ¶¶ 5-6 (explaining that the LCIA Rules "contain no concrete procedures for the exchange of discovery between parties appearing before it"); Ex. C to Jaffery Decl. ("LCIA Rules") (Dkt. 105-3) art. 20.3 ("The Arbitral Tribunal may decide the time, manner and form in which . . . written materials shall be exchanged between the parties and presented to the Arbitral Tribunal; and it may allow, refuse or limit the written and oral testimony of witnesses (whether witnesses of fact or expert witnesses).").)

Defendants do not appear to contest the assertion that the parties were able to obtain more fulsome discovery in federal court than they would have before the LCIA. (See Defs. Mem. ¶¶ 61-62.) In fact, they paradoxically argue that Plaintiffs "majorly benefitted" from first litigating their claim in federal court because Plaintiffs "were able to obtain discovery and depose witnesses which Plaintiffs initially could claim are important to its claim and were outside of Plaintiffs' control since they are located in the United States and not in England." (Id. ¶ 62.) Defendants conclude on this basis that no prejudice would result from Plaintiffs having to litigate in federal court before the LCIA. (Id. ¶¶ 60-61.) Defendants fail to acknowledge, however, that that they themselves engaged in, and benefited from, extensive pre-trial discovery. See supra Section II.A.2.

6

The courts finds that Defendants have invoked discovery procedures—including the liberal exchange of documents and the taking of depositions—that are likely not available in the LCIA. (See Jaffery Decl. ¶¶ 5-6; LCIA Rules art. 22.1(v) ("The Arbitral Tribunal [as opposed to the parties] shall have the power . . . to order any party to produce to the Arbitral Tribunal and to other parties documents or copies of documents in their possession, custody or power which the Arbitral Tribunal decides to be relevant").) The court therefore concludes that Plaintiffs would be prejudiced by allowing Defendants to move this action to the LCIA. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. NCR Corp., 376 F. App'x 70, 72-73 (2d Cir. 2010) (summary order) (finding prejudice where party seeking to compel arbitration had taken advantage of pre-trial discovery that "likely would have been unavailable during arbitration"); Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Intern. Capital Markets Corp., 996 F.2d 1478, 1480 (2d Cir. 1993) (per curiam) (affirming district court finding of prejudice where movant took advantage of discovery procedures not available in arbitration); cf. Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 n.7 (2d Cir. 1968) ("Sufficient prejudice to infer waiver might be found, for example, if the party . . . took advantage of judicial discovery procedures not available in arbitration.").

*ii. Defendants Made At Least One Motion Going To The Merits Of Plaintiffs' Claims*

On August 20, 2015, Defendants moved to cancel a notice of pendency that Plaintiff had filed against certain real property owned by Viktoria Krakovskaya and Eduard K. Krakovsky. (Mot. to Cancel Not. of Pendency.) Plaintiffs argue that Defendants' motion to cancel the notice of pendency "went to the merits, because [Defendants'] principal argument in moving to cancel the Notice of Pendency was that the claims Plaintiffs have asserted [in this action] do not affect title to the real property in question." (Pls. Opp'n at 15.) The court agrees that this motion, at

7

least to some degree, touched on the merits of Plaintiffs' claims. Furthermore, the court finds that Defendants' filing of a counterclaim against Plaintiffs for breach of contract and the mediation proceeding pertained to the merits of Plaintiffs' claims. Cf. S & R, 159 F.3d at 84 (holding that "[Defendant]'s filing of a counterclaim against [Plaintiff] for breach of contract," "the extensive discovery requests," and "the two settlement conferences . . . certainly pertained to substantial issues going to the merits").[5] These facts further support a finding of prejudice.

### iii. Defendants Delayed Invoking Their Arbitration Rights While Plaintiff Incurred Unnecessary Expenses

The fact that Defendants sought to invoke their right to arbitrate on the eve of trial also supports a finding of prejudice. See Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995) ("The proximity of a trial date when arbitration is sought is also relevant."); Com-Tech Assocs. v. Computer Assocs. Intern., Inc., 938 F.2d 1574, 1577 (2d Cir. 1991) ("To permit litigants to . . . delay assertion of a contractual right to compel arbitration until the eve of trial defeats one of the reasons behind the federal policy favoring arbitration: that disputes be resolved without the delay and expense of litigation." (internal quotation marks and citation omitted)). Defendants could have sought leave to file a motion to compel arbitration at any point in the last three years,[6] yet they waited until April 4, 2017, at the pre-trial conference, to do so.[7] (See Min. Entry, dated Apr. 4, 2017.) As detailed supra, Plaintiffs expended significant resources on pre-trial discovery, which would likely not have

---

[5] The Second Circuit has explicitly held that there is no rule that "a party must have made dispositive motions on the merits in order to be deemed to have waived arbitration." Id. at 84.

[6] In particular, Defendants blatantly disregarded the August 17, 2015, deadline for seeking leave to file dispositive motions. (See Order (Dkt. 31).)

[7] At a conference held on January 18, 2017, before Judge Kuo, Defendants expressed their intention to file a motion to dismiss based on forum non conveniens (see Min. Entry, dated Jan. 18, 2017); however, Defendants did not seek leave from the undersigned to file the motion until almost three months later.

8

been available in the LCIA. (See also Pls. Opp'n at 17.) In preparing for trial, Plaintiffs have expended additional resources: Plaintiffs have translated exhibits from Russian to English (see, e.g., Ex. A to Schalk Decl. in Further Opp'n to Defs. Mots. In Limine (Dkt. 96-1)); briefed and defended against motions in limine (see Pls. Mots. In Limine (Dkt. 91); Pls. Opp'n to Defs. Mots. In Limine (Dkt. 94)); and prepared proposed jury instructions, a verdict sheet, and a statement of their damages (see Proposed Jury Instrs. (Dkt. 108); Proposed Verdict Sheet (Dkt. 110); Proposed Statement of Damages (Dkt. 111)). These pre-trial expenditures are now exacerbated by Plaintiffs' need to simultaneously defend against Defendants' belated motion to dismiss. Accordingly, the court finds that Plaintiffs have incurred unnecessary and additional costs because Defendants waited until the eve of trial to bring this motion.

\* \* \*

In sum, the court holds that Defendants waived their right to arbitration. While "waiver of arbitration is not to be lightly inferred, . . . a litigant is not entitled to use arbitration as means of aborting a suit that did not proceed as planned." La. Stadium, 626 F.3d at 161 (internal quotation marks and citation omitted). Defendants knowingly sat on their rights for nearly three years. They cannot now seek a "redo" of this litigation in an arbitral tribunal.

### B. DEFENDANTS WAIVED THEIR ARGUMENT THAT ENGLISH LAW GOVERNS THE DISPUTE

The court similarly finds that Defendants have waived their argument that English law applies to this proceeding, and holds that New York law applies. Courts "generally defer to the choice of law made by the parties to a contract"—here, English law (see Petrus Contract § 10.3; PRP Contract § 10.2); "[h]owever, even when the parties include a choice-of-law clause in their contract, their conduct during litigation may indicate assent to the application of another state's law." Cargill, Inc. v. Charles Kowsky Res., Inc., 949 F.2d 51, 55 (2d Cir. 1991). The court finds

that Defendants "implied[ly] consent[ed]" to New York law governing this dispute, as they consistently relied on New York law in their memoranda of law. Tehran-Berkeley Civil and Envtl. Eng'rs v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989). (See, e.g., Defs. Opp'n to Pls. Mot. to Compel Disc. (Dkt. 14); Defs. Mot. for Extension of Time (Dkt. 25); Defs. Mem. in Support of Mot. to Cancel Not. of Pendency (Dkt. 36-1); Defs. Resp. to Pls.' Objs. to R&R (Dkt. 82).)

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. 88) is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May 3, 2017

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge