UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NV PETRUS SA and PETROLEUM RESOURCES
PETRUS SA,

              Plaintiffs,

-against-

LPG TRADING CORP., VIKTORIA
KRAKOVSKAYA, and EDUARD K. KRAKOVSKY,

              Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-3138 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiffs NV Petrus SA ("Petrus") and Petroleum Resources Petrus SA ("PRP") assert breach of contract claims and claims for violations of the New York Debtor and Creditor Law ("DCL") against Defendants LPG Trading Corp. ("LPG"), Viktoria Krakovskaya, and Eduard K. Krakovsky.[1] (First Am. Compl. ("FAC") (Dkt. 33).) Defendants have asserted four counterclaims.[2] (See Answer to FAC (Dkt. 38) at ECF pp.5-6.) The court assumes the parties' familiarity with the factual and procedural background of this action.

      The parties have each submitted motions in limine seeking to preclude the admission of certain evidence at trial and to remedy certain alleged violations of discovery procedures. (Pls. Mots. in Lim. ("Pls. Mots.") (Dkt. 91); Defs. Mots. in Lim. ("Defs. Mots.") (Dkt. 89); see also Pls. Mem. in Supp. of Pls. Mots. ("Pls. Mem.") (Dkt. 93); Defs. Mem. in Supp. of Defs. Mots. ("Defs. Mem.") (Dkt. 89-1).) For the reasons set forth below, Plaintiffs' motions in limine and

---

[1] Viktoria Krakovskaya and Eduard K. Krakovsky are husband and wife. (First Am. Compl. ("FAC") (Dkt. 33) at 2 n.1.) The First Amended Complaint refers to them collectively as the "Krakovskys." (Id.) This Memorandum and Order does the same.

[2] Defendants stipulated to the dismissal of their Third Counterclaim. (See Stip. of Dismissal (Dkt. 98).)

1

Defendants' motions in limine are GRANTED IN PART and DENIED IN PART, with ruling on certain questions RESERVED until trial.

## I. LEGAL STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." Gorbea v. Verizon N.Y., Inc., No. 11-CV-3758 (KAM), 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (citing Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996); Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co., 937 F. Supp. 276, 283 (S.D.N.Y. 1996)). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." United States v. Paredes, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing Nat'l Union Fire Ins. Co., 937 F. Supp. at 287). Further, a district court's ruling on a motion in limine is preliminary and "subject to change when the case unfolds." Luce, 469 U.S. at 41.

## II. PLAINTIFFS' MOTIONS

### A. Plaintiffs' Objections to Russian Language Documents

#### 1. Defendants' Exhibits 5, 8, and 9

Plaintiffs assert that "portions of Defendants' Exhibit 5, and the entirety of Defendants' Exhibits 8 and 9, have not been translated from Russian into English," despite repeated warnings from Magistrate Judge Peggy Kuo and the undersigned that such exhibits cannot be used at trial absent such translation. (Pls. Mem. at 1-2; see, e.g., July 6, 2016, Min. Entry of Judge Kuo ("Counsel were reminded that all exhibits need to be translated into English."); Jan. 18, 2017, Min. Entry of Judge Kuo ("With respect to Defendants' trial exhibit numbers 5, 8 and 9 . . . the

2

Court reminded Defendants' counsel that in order to be used as trial exhibits, all documents that are in Russian must be translated into English by a certified translator.").) Plaintiffs argue that Defendants should not be permitted to introduce Exhibits 5, 8, and 9, at trial. (Id. at 3.) Defendants maintain that they are "aware of the warnings . . . and will provide such translations in [a] short period of time." (Defs. Mem. in Opp'n to Pls. Mots. ("Defs. Opp'n") (Dkt. 97) ¶ 17.)

The court holds that Exhibits 5, 8 and 9 are inadmissible at trial unless Defendants, by no later than May 9, 2017, at 5:00 p.m., provide Plaintiffs with complete, certified translations of these documents. See Fed. R. Civ. P. 16(f)(1)(C) (court may issue "any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order); see, e.g., Chevron Corp. v. Donziger, 974 F. Supp. 2d 362, 704 (S.D.N.Y. 2014) (striking Defendants' exhibits that were entirely or partly in Spanish and noting that defendants "had five months after the filing of their proposed pretrial order in which to provide translations for those documents and . . . declined [to provide such translations]"). Plaintiffs are also reminded that they must provide certified translations of any foreign language documents that they seek to introduce at trial.

### B. Plaintiffs' Objections to Hearsay Evidence

#### 1. Defendants' Exhibit 2

Plaintiffs maintain that Defendants' Exhibit 2, a compilation of invoices issued by LPG to Petrus, should be excluded at trial because the exhibit constitutes inadmissible hearsay. (Pls. Mem. at 5.) Specifically, Plaintiffs argue that the documents are not subject to the "business records" exception to the prohibition against hearsay, see Fed. R. Evid. 803(6). (Pls. Mem. at 5-6.) Plaintiffs point to the following facts, which they claim place Defendants' Exhibit 2 outside the business records exception: (1) the invoices "must have been prepared by Mrs. Krakovskaya," who admits that she "does not have any [independent] knowledge of LPG[]

3

Trading's business"; (2) the invoices were "not authenticated by someone with knowledge of the business," as Mr. Krakovsky did not sign them; and (3) there is no basis to conclude that the invoices were prepared "contemporaneously." (Id.) In response, Defendants argue that "Mr. Krakovsky, who was managing Defendant LPG['s] daily operations will testify at trial, making the records admissible under [Federal Rule of Evidence 803]."[3] (Id. ¶ 26.)

"To lay a proper foundation for a business record, a custodian or other qualified witness must testify that the document was kept in the course of a regularly conducted business activity and also that it was the regular practice of that business activity to make the [record]." United States v. Komasa, 767 F.3d 151, 156 (2d Cir. 2014) (internal quotation marks and citation omitted)). "The custodian need not have personal knowledge of the actual creation of the document to lay a proper foundation." Id. (internal quotation marks and citation omitted). Accordingly, even if Plaintiffs are correct that Mrs. Krakovsky prepared the invoices, Mr. Krakovsky may be able to lay the necessary foundation for admission of the invoices as business records. The court therefore DENIES Plaintiffs' motion to exclude Defendants' Exhibit 2 at this time. To the extent Plaintiffs seek to argue that the invoices were not kept in the course of LPG's business and that it was not LPG's regular practice to make such records, Plaintiffs can make this argument at trial.

2. Defendants' Exhibit 8

Plaintiffs argue that Defendants' Exhibit 8 should be excluded because it constitutes inadmissible hearsay. (Pls. Mem. at 6.) As stated supra in Section I.A.1., Defendants' Exhibit 8 will be excluded at trial unless Defendants, by no later than May 9, 2017, at 5:00 p.m., provide

---

[3] Defendants appear to also argue that the invoices contained within Defendants' Exhibit 2 are admissible because these invoices were used to prepare other exhibits that Plaintiffs seek to offer at trial. (Defs. Opp'n ¶¶ 23-25.) The court does not see how this fact makes Defendants' Exhibit 2 admissible, however.

4

Plaintiffs with a complete, certified translation of this document. Because the court cannot properly evaluate the exhibit—as it is currently in Russian—the court reserves decision as to whether Defendants' Exhibit 8 constitutes inadmissible hearsay.

### C. Plaintiffs' Objections on the Basis of Incompleteness

Plaintiffs argue that Defendants' Exhibits 5, 7, 8, and 10 should be excluded because they are incomplete documents. (Pls. Mem. at 6.) Federal Rule of Evidence 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. As further explained by the Second Circuit, Rule 106 requires that "a full document . . . be admitted when it is essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact." Phoenix Assocs. III v. Stone, 60 F.3d 95, 102 (2d Cir. 1995) (internal quotation marks and citations omitted).

#### 1. Defendants' Exhibit 5

Plaintiffs contend that Defendants' Exhibit 5 is incomplete because: (i) portions of the document are in Russian and have not been translated into English; and (ii) the exhibit includes "scattered excerpts of LPG Trading's balance sheet with Petrus." (Pls. Mem. at 7.) Defendants point out that Plaintiffs produced Defendants' Exhibit 5 in discovery, seeming to imply that Plaintiffs are at fault for any omissions in their own documents. (Defs. Opp'n ¶¶ 28-30.)

As set forth supra in Section I.A.1., Defendants' Exhibit 5 is excluded unless Defendants provide Plaintiffs a certified English translation of the document by no later than May 9, 2017, at 5:00 p.m. In the event that Defendants meet that deadline and Plaintiffs believe the exhibit is still incomplete, Plaintiffs may renew their objection at trial.

5

2. Defendants' Exhibit 7

With respect to Defendants' Exhibit 7, Plaintiffs aver that "at least one of the attachments to the email bearing Bates stamp LPG 1 is missing" and "both attachments to the email bearing Bates stamp LPG 4 are missing."[4] (Pls. Mem. at 7.) Accordingly, Plaintiffs argue that Defendants' Exhibit 7 should be excluded as incomplete. (Id. at 6-7.) Defendants assert that they will "provide the entire Exhibit 7 in electronic form." (Defs. Opp'n ¶ 33.) Defendants are DIRECTED to produce the complete exhibit to Plaintiffs by no later than May 9, 2017, at 5:00 p.m. If Defendants do not comply with this directive, Plaintiffs may renew their objection at trial.

3. Defendants' Exhibit 8

Plaintiffs further argue that Defendants' Exhibit 8 "cannot be admitted because it appears to be incomplete, although considering it is in Russian, we cannot be sure." (Pls. Mem. at 7.) As set forth supra in Section I.A.1., Defendants' Exhibit 8 is excluded unless Defendants provide Plaintiffs a certified English translation of the document by no later than May 9, 2017, at 5:00 p.m. In the event that Defendants meet that deadline and Plaintiffs believe the exhibit is still incomplete, Plaintiffs may renew their objection at trial.

4. Defendants' Exhibit 10

Plaintiffs argue that Defendants' Exhibit 10 "is inadmissible on grounds of incompleteness, because it is an unsigned version of a promissory note from Mr. Krakovsky to Petrus." (Pls. Mem. at 7.) Defendants respond that the document is complete. (Defs. Opp'n

---

[4] Plaintiffs further allege that "Defendants have combined multiple unrelated documents into a single exhibit." (Pls. Mem. at 7.) The parties are reminded that each exhibit should consist of only one document.

6

¶ 34.) Upon review, Defendants' Exhibit 10 appears to be a complete document, albeit perhaps a draft agreement.

Plaintiffs further maintain that the exhibit is not relevant: "Considering that the promissory note is unsigned, it is not evidence of any agreement that Mr. Krakovsky may or may not have entered into with Petrus." (Pls. Mem. at 7.) Defendants argue that the exhibit is relevant insofar as it shows Mr. Krakovsky did not sign this particular agreement. (Defs. Opp'n ¶¶ 36-38.)

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Second Circuit has characterized the relevance standard as "very low." See White, 692 F.3d at 246 (quoting United States v. Al-Moayad, 545 F.3d 139, 176 (2d Cir. 2008)). Indeed, "[t]o be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." United States v. Abu-Jihaad, 630 F.3d 102, 132 (2d Cir. 2010). In view of the admittedly sparse record provided by the parties and the "very low" bar for relevance, the court finds that Defendants' Exhibit 10 is relevant to the action. Plaintiffs' motion to exclude Defendants Exhibit 10 is therefore DENIED.

### D. Plaintiffs' Objections to Cumulative Evidence

#### 1. Defendants' Exhibit 11

Plaintiffs aver that the page bearing bates-stamp PETRUS6240, within Defendants' Exhibit 11, is cumulative and should not be admitted into evidence. (Pls. Mem. at 8.) Defendants "concede that Defendants Exhibit 11 contains a cumulative, unsigned page" and that page "thus should be redacted." Defendants are DIRECTED to redact Defendants' Exhibit 11

accordingly. Plaintiffs' motion to exclude this page within Defendants' Exhibit 11 is DENIED as moot.

## III. DEFENDANTS' MOTIONS

### A. Defendants' First and Second Motions In Limine

Defendants seek to have Plaintiffs' Exhibits 23, 26, 28, and 29—Plaintiffs' internal accounting records—excluded on the grounds that these documents are inadmissible hearsay. (Defs. Mem. ¶¶ 5-6, 16.) Defendants specifically argue that Plaintiffs' Exhibits 23 and 26 should not be admitted absent proof that Olga Korneva, an "employee of Plaintiffs" who created the exhibits, will be a witness at trial. (Id. ¶¶ 4, 7.) Plaintiffs confirm that Korneva prepared these exhibits, will be a witness at trial, and "will able to provide a foundation for [Plaintiffs' Exhibits 23, 26, 28, and 29] that satisfies [the business records exception to the hearsay rule]." (Pls. Opp'n to Defs. Mots. ("Pls. Opp'n") (Dkt. 95) at 1.) Accordingly, Defendants' motion to exclude Plaintiffs' Exhibits 23, 26, 28, and 29 is DENIED as moot.

Defendants further argue that Plaintiffs' Exhibits 23 and 26 show payments made to third parties, such as Petroleum Delivery and Rodrail, and that these payments should be redacted absent proof that: (i) such charges were in fact made to third-parties; and (ii) Ina Dimitrova, an individual who "dealt with suppliers in Kazakhstan on behalf of NV Petrus and Petroleum Resources," will appear at trial as a witness. (Defs. Mem. ¶¶ 8-15.) Plaintiffs reiterate that Korneva, the person who prepared these exhibits, will testify at trial. (Pls. Opp'n at 1.)

The court finds that Korneva is properly positioned to authenticate the exhibits in accordance with Federal Rule of Evidence 901, as she created them. Any questions concerning Korneva's knowledge of the payments made to third parties goes to the weight of the evidence, and not its admissibility. See United States v. Tin Yat Chin, 371 F.3d 31, 38 (2d Cir. 2004)

("Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. Once Rule 901's requirements are satisfied, the evidence's persuasive force is left to the jury." (internal quotations and citations omitted)); see also SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 344-45 (2d Cir. 2004) (challenges to the reliability of evidence go to its weight, not its admissibility). Defendants' motion to redact Plaintiffs' Exhibits 23 and 26 is therefore DENIED.

### B. Defendants' Third Motion In Limine

#### 1. Defendants' Hearsay Objection to Plaintiffs' Exhibits 15, 20, and 21

Defendants seek to exclude Plaintiffs' Exhibits 15, 20, and 21—what they refer to as "foreign bank statements"—on the grounds that these exhibits are inadmissible hearsay. (Defs. Mem. ¶ 17.) The exhibits, they argue, "lack proper certification from the issuing banks" and "[a]bsent an offer of proof as to the foundation, they should not be admi[tted]." (Id. ¶ 18, 20.)

In response, Plaintiffs assert that these documents are not bank statements, but rather "wire transfer confirmations reflecting payments made by Plaintiffs for the benefit of Defendants which constitute a portion of Plaintiffs' damages." (Pls. Opp'n at 2.) After Defendants filed their motions in limine, Plaintiffs submitted the requested certifications for Plaintiffs' Exhibits 15, 20, and 21. (See Ex. B to Schalk 2d Suppl. Decl. (Dkt. 118-2).) Notwithstanding, Plaintiffs argue that "even without certifications, these wire transfer confirmations are admissible as business records, or alternatively, under the residual hearsay rule." (Pls. Opp'n at 2.) Specifically, Plaintiffs assert that they "will provide testimony that the wire transfer receipts were made in the ordinary course of Plaintiffs' business in trading petroleum products," and that the exhibits are therefore admissible under the business records exception. (Id. at 3.) Plaintiffs further argue that, "[e]ven if Defendants were correct in claiming that the wire transfer

("Rule 901's requirements are satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. Once Rule 901's requirements are satisfied, the evidence's persuasive force is left to the jury." (internal quotations and citations omitted)); see also SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 344-45 (2d Cir. 2004) (challenges to the reliability of evidence go to its weight, not its admissibility). Defendants' motion to redact Plaintiffs' Exhibits 23 and 26 is therefore DENIED.

### B. Defendants' Third Motion In Limine

#### 1. Defendants' Hearsay Objection to Plaintiffs' Exhibits 15, 20, and 21

Defendants seek to exclude Plaintiffs' Exhibits 15, 20, and 21—what they refer to as "foreign bank statements"—on the grounds that these exhibits are inadmissible hearsay. (Defs. Mem. ¶ 17.) The exhibits, they argue, "lack proper certification from the issuing banks" and "[a]bsent an offer of proof as to the foundation, they should not be admi[tted]." (Id. ¶ 18, 20.)

In response, Plaintiffs assert that these documents are not bank statements, but rather "wire transfer confirmations reflecting payments made by Plaintiffs for the benefit of Defendants which constitute a portion of Plaintiffs' damages." (Pls. Opp'n at 2.) After Defendants filed their motions in limine, Plaintiffs submitted the requested certifications for Plaintiffs' Exhibits 15, 20, and 21. (See Ex. B to Schalk 2d Suppl. Decl. (Dkt. 118-2).) Notwithstanding, Plaintiffs argue that "even without certifications, these wire transfer confirmations are admissible as business records, or alternatively, under the residual hearsay rule." (Pls. Opp'n at 2.) Specifically, Plaintiffs assert that they "will provide testimony that the wire transfer receipts were made in the ordinary course of Plaintiffs' business in trading petroleum products," and that the exhibits are therefore admissible under the business records exception. (Id. at 3.) Plaintiffs further argue that, "[e]ven if Defendants were correct in claiming that the wire transfer

confirmations were bank statements, as opposed to wire transfer confirmations," they would still be admissible under the residual hearsay exception, as these documents "are highly probative as they are direct proof of Plaintiffs' damages, and they have every indicia of trustworthiness." (Id. at 3-4.)

The burden to establish that evidence is inadmissible for any purpose, and thus excludable on a motion in limine, is on the movant. See United States v. Pugh, 162 F. Supp. 3d 97, 101 (E.D.N.Y. 2016). Defendants have failed to carry this burden. Accordingly, the court DENIES Defendants' motion to exclude Plaintiffs' Exhibits 15, 20, and 21 as inadmissible hearsay. Defendants may renew their application at trial.

2. Defendants' Relevancy Objection to Plaintiffs' Exhibits 15, 20, and 21

With respect to Plaintiffs' Exhibits 15, 20, and 21, Defendant argue that Plaintiffs have not "demonstrate[d] any connection between Petrus N.A, Petroleum Resources, and LPG Trading." (Defs. Mem. ¶ 19.) Defendants do not explain how this objection justifies excluding Plaintiffs' Exhibits 15, 20, and 21; however, the court will construe Defendants' argument as a relevance objection.

Plaintiff argue that they will "introduce testimony and documentary evidence at trial demonstrating that Mr. Krakovsky directed that in pre-paying for an order of liquid petroleum gas, Plaintiffs should pay these third-party shippers directly. However, after Plaintiffs followed those instructions, Defendants used the payments that Plaintiffs made on Defendants' behalf to its shippers in order to pay for the delivery of product to a different customer than Plaintiffs." (Pls. Opp'n at 5.) Based on Plaintiffs' proffered explanation, the court finds that the exhibits meet the "very low" threshold for relevance. See White, 692 F.3d at 246. The court therefore DENIES Defendants' request to exclude Plaintiffs' Exhibits 15, 20, and 21 on this basis.

### C. Defendants' Fourth Motion In Limine

Plaintiffs' Exhibit 40 is a letter from Plaintiffs' counsel, Judd Burstein, to the Krakovskys, which predates this litigation. (See Ex. H to Schalk Decl. (Dkt. 94-8).) The letter states that LPG owes Plaintiffs over $1 million and threatens to commence litigation unless Defendants pay Plaintiffs the monies owed. (See id.) Plaintiffs' Exhibit 41 is a letter from Mr. Krakovsky to Burstein "confirm[ing] that [Defendants] have a debt in excess of $1 million." (See Ex. I to Schalk Decl. ("Apr. 9 Ltr.") (Dkt. 94-9).) Defendants seek to have these letters excluded unless Burstein certifies them as business records. (See Defs. Mem. ¶ 22.) Without providing any support or explanation, Defendants assert that if Burstein becomes a witness, Burstein will no longer be able to represent Plaintiffs. (Id. ¶ 23.)

Plaintiffs argue that Plaintiffs' Exhibit 41 is admissible as an opposing party's statement under Federal Rule of Evidence 801(d)(2)(D). (Pls. Opp'n at 6.) The court agrees. Federal Rule of Evidence 801 provides that a statement is not hearsay if it is "offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship when it existed." Fed. R. Evid. 801(d)(2)(D). "Admissibility under this rule should be granted freely." Pappas v. Middle Earth Condo. Ass'n, 963 F.2d 534, 537 (2d Cir. 1992). Mr. Krakovsky states in his letter that he is writing "in [his] capacity as duly authorized general manager of 'L.P.G. Trading Corp.'" (See Apr. 9 Ltr.) The subject of the letter is LPG's debts to Plaintiffs. (See id.) On this basis, the court finds that Plaintiffs' Exhibit 41 and statements made therein constitute opposing party statements and are not hearsay. Accordingly, Defendants' motion to exclude Plaintiffs' Exhibit 41 is DENIED.

Plaintiffs argue that there is no need for them to proffer Plaintiffs' Exhibit 40 as a business record because that document is not being offered for its truth and therefore is not

11

hearsay. (Pls. Opp'n at 6-7.) Plaintiffs' Exhibit 40 is "merely intended to provide context for LPG Trading's admission of the debt it owes to Plaintiffs," i.e. to show that Mr. Krakovsky's acknowledgement of Defendants' debt to Plaintiffs (in Plaintiffs' Exhibit 41) was in response to Burstein's demand letter. (Id. at 6.) The court concurs and finds that the letter is not being offered for its truth and so is not hearsay. There is therefore no need for Burstein to testify as a qualifying witness under the business records exception to the hearsay rule. Defendants' motion to exclude Plaintiffs' Exhibit 40 is DENIED.

### D. Defendants' Fifth Motion In Limine

Defendants argue that Plaintiffs' Exhibits 24, 27, 32, and 34—documents that have been translated from Russian into English—should be excluded, as they "lack . . . certification of New York State certified Russian court interpreter[s]." (Defs. Mem. ¶¶ 25-26.) They elaborate that, "absent [an] offer of proof . . . the translator of [these] documents . . . [must] be available as a witness, who may be cross-examined as to [the] translation[s]." (Id. ¶¶ 27-28.)

On April 19, 2017, after Defendants filed their motions in limine, Plaintiffs submitted a notarized affidavit from Anna Sosnovskaya, the translator of Plaintiffs' Exhibits 11, 13, 19, 24, 27, 32, and 34. (See Ex. A to Schalk Suppl. Decl. (Dkt. 96-1)). Sosnovskaya attests to the fact that (i) she is "a native speaker of the Russian Language, and a fluent speaker of the English Language"; (ii) works as an interpreter in the United States District Court for the Central District of California; and (iii) the translations, which she produced for Plaintiffs, are "true and accurate." (Id. ¶¶ 2, 4, 10, 11.) Because Plaintiffs have submitted the requested certifications, the court DENIES Defendants' motion to exclude Plaintiffs' Exhibits 24, 27, 32, and 34 as moot.

### E. Defendants' Sixth, Seventh, and Eighth Motions In Limine

Defendants seek to exclude evidence of the Krakovskys' personal expenses and spending on the basis that the probative value of this evidence is substantially outweighed by its prejudicial effect. (See Defs. Mem. ¶¶ 29-39.) Specifically, Defendants ask the court to preclude Plaintiffs from introducing the following evidence: the Krakovskys' personal income tax statements (Plaintiffs' Exhibits 80-87); the Krakovskys' personal bank statements (Plaintiffs' Exhibit 77); the Krakovskys' personal checking account statements (Plaintiffs' Exhibits 100-102); Viktoria Krakovskaya's personal checking account statements (Plaintiffs' Exhibits 104-110); Viktoria Krakovskaya's personal Saks Fifth Avenue credit card statements (Plaintiffs' Exhibits 111-117); and Viktoria Krakovskaya's personal Neiman Marcus credit card statements (Plaintiffs' Exhibits 118-124). (See id. ¶ 30.) Defendants also request that the court require Plaintiffs to redact LPG's financial records (Plaintiffs' Exhibits 88-93, 95-99, 135-138) to remove any personal expenses attributable to the Krakovskys. (See id. ¶ 36.) Finally, Defendants request that the court exclude Plaintiffs' Exhibits 129-133, which relate to the Krakovskys' purchase of a condominium apartment. (See id. ¶ 38.)

Plaintiffs aver that the above-listed evidence is relevant to their claims against Defendants for fraudulent conveyance under the DCL. (Pls. Opp'n at 11; see FAC.) Plaintiffs bring claims pursuant to DCL §§ 273 (conveyances by insolvent), 274 (conveyances by persons in business), and 276 (conveyances made with intent to defraud). (FAC ¶¶ 27-40.) In support of these claims, Plaintiffs allege, inter alia, that: (i) LPG has been insolvent since 2007 (id. ¶ 17); Petrus has been a creditor of LPG since approximately March 2007 (id. ¶ 28); PRP has been a creditor of LPG since approximately March 2009 (id.); since August 2009, Plaintiffs have been creditors of LPG "with regard to the specific breaches of contract alleged herein" (id.); and

"commencing sometime on or after May 19, 2008, LPG Trading began conveying monies and other property to Viktoria Krakovskaya and/or Eduard Krakovsky without fair consideration" (id. ¶ 30). They assert that, because LPG has been insolvent since 2007, "all profit distributions from that date onward were fraudulent conveyances." (Id. ¶ 32.)

Plaintiffs contend that they need the Krakovskys' financial information in order to identify the fraudulent transfers and prove that: (i) LPG was insolvent when the transfers were made; (ii) the transfers were not made for consideration; and (iii) the transfers were made with the intent of hindering or delaying creditors. (Pls. Opp'n at 11.)

1. Analysis

Under Federal Rule of Evidence 403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The court finds that evidence of the Krakovskys' personal financial information is irrelevant to whether LPG was insolvent when the transfers were made. Defendants' motion to exclude evidence is therefore GRANTED insofar as Plaintiffs seek to introduce evidence of the Krakovskys' personal finances to prove that LPG was insolvent.

Notwithstanding, the court finds that evidence of the Krakovskys' personal finances is relevant insofar as Plaintiffs could use this evidence to identify the alleged fraudulent transfers between LPG and the Krakovskys. Similarly, evidence that Defendants bought a condominium is relevant to the extent that Plaintiffs seek to show that the funds used for that purchase resulted from a fraudulent transfer from LPG.

On the other hand, the court understands that introducing evidence of the Krakovskys' spending habits could be embarrass Defendants or result in unfair prejudice against them. On the basis of the current record, the court is unable to conclude that the evidence's prejudicial effect substantially outweighs its probative value, however. Defendants' motion is therefore DENIED insofar as Plaintiffs seek to introduce evidence of the Krakovskys' finances to identify or prove the fact of the alleged fraudulent conveyances. That said, the court retains discretion to exclude this evidence if it finds it is cumulative; Plaintiffs may have other available records, for example, LPG's financial records, which also identify the transfers but lack the potential to prejudice the Krakovskys. See United States v. Ozsusamlar, 428 F. Supp. 2d 161, 170 (S.D.N.Y. 2006) ("[D]istrict courts must take care to determine whether there exists any alternative evidence with the same or greater probative value, but with a lesser threat of unfairly prejudicing the defendant, as the proffered evidence.") (citing Old Chief v. United States, 519 U.S. 172, 182-83 (1997)).

Finally, the court notes that it presently lacks adequate information to determine whether evidence of the Krakovskys' personal finances is relevant to whether the transfers were made (1) without consideration and (2) with the intent of hindering or delaying creditors. The court therefore RESERVES decision as to whether the proffered evidence is admissible for these purposes. See Jean-Laurent, 840 F. Supp. 2d at 536 ("[C]ourts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context." (citing Nat'l Union Fire Ins. Co., 937 F. Supp. at 287)).

F. **Defendants' Ninth Motion In Limine**

Defendants argue in their final motion in limine that this case should be governed by the law of England and Wales. (Defs. Mem. ¶ 40.) The court held in its May 3, 2017, Memorandum

and Order, denying Defendants' motion to dismiss, that New York law applies to this action. (Mem. & Order (Dkt. 116) at 9-10.) Accordingly, Defendants' motion is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motions in limine (Dkt. 91) and Defendants' motions in limine (Dkt. 89) are GRANTED IN PART and DENIED IN PART, with ruling on certain questions RESERVED until trial.

SO ORDERED.

Dated: Brooklyn, New York
May 8, 2017
8:50 AM

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge